UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., | Case No.: 3:11-cv-00213 AJB (JMA) |
| Plaintiff, | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| VALLEY VISTA MORTGAGE, INC., | |
| Defendant. | |

Pending is Plaintiff's Motion for Default Judgment, filed May 3, 2011. (Doc. No. 13.)

Factual Background

In 2003 and 2004, Lehman Brothers Bank, FSB ("LBB") purchased a number of residential mortgage loans from Valley Vista Mortgage, Inc. ("Defendant") pursuant to one or more written contracts.[1]  LBB assigned its rights under those contracts to Lehman Brothers Holdings, Inc. ("Plaintiff").  Plaintiff claims that Defendant breached the contracts and the warranties and covenants set forth in the contracts.

---

[1] The factual history is taken from the allegations provided in Plaintiff's Complaint. (Doc. No. 1.)

The contracts specify that Plaintiff may demand that Defendant repurchase, and that Valley shall repurchase, mortgage loans that become Early Payment Defaults. Certain loans purchased by Plaintiff became Early Payment Defaults and Plaintiff demanded that Defendant repurchase those loans. Defendant failed to repurchase the loans or otherwise comply with its obligations under the Agreement and Seller's Guide.

## Procedural History

Plaintiff filed this action on February 1, 2011. The Complaint alleges two causes of action: (1) Breach of Contract, and (2) Breach of Express Warranty. Defendant never appeared in this case and the Clerk entered default against Defendant on March 18, 2011. Plaintiff filed this Motion for Default Judgment on May 3, 2011. Plaintiff seeks default judgment in order to remedy Defendant's breach of its contractual repurchase obligations.

Plaintiff seeks default judgment in the amount of $2,343,980.84 including pre-judgment interest as well as post-judgment interest on the total amount at the current applicable rate pursuant to 28 U.S.C. § 1961 accruing from the date of entry of judgment.

## Analysis

There are seven factors to consider when weighing whether the entry of default judgment:

> (1) the possibility of prejudice to plaintiff,
> (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, Plaintiff has established that default judgment is appropriate. As Plaintiff states in its motion, default judgment is Plaintiff's sole means to seek redress against Defendant for its failure to comply with the repurchase requirement of the contract and thus entry of default judgment is not prejudicial to Plaintiff's interests. The nature of Plaintiff's claims are straight-forward, and taking the allegations as framed in the Complaint, it does not appear that Plaintiff's claims lack merit. As in nearly every case, the possibility exists that the parties would dispute the material facts as alleged had Defendant appeared. However, the Complaint on its face is legally sufficient and clearly sets forth the nature of Plaintiff's claims. Plaintiff demanded repurchase of the Early Payment Defaults and Defendant failed to do so in compliance with the contractual agreement between the parties. As a result, Plaintiff seeks a sum-certain amount that, while a substantial amount of money, does not appear to be unreasonable based upon Plaintiff's claims and the calculations provided as support for the motion. There is no showing of excusable neglect by Defendant for the Court to consider. And while the Federal Rules of Civil Procedure certainly favor deciding cases on their merits, the rules also provide for the entry of default judgment in situations such as this.

After carefully considering these seven factors, the Court finds that default judgment is appropriate in this instance.

Formula for Calculating Damages

Plaintiff's requested damages were calculated by using the formula for calculating the repurchase price for loans as set forth in the Seller's Guide that governed the parties' contractual rights and responsibilities. The Court finds this to be the most reasonable method for reaching an amount for default judgment.

Per the Seller's Guide, the formula for calculating the Repurchase price is as follows: the greater of either the purchase price or par multiplied by the outstanding principal balance of the Mortgage Loan as of the Purchase date, plus accrued interest and expenses incurred in servic-

ing/foreclosing/protecting plaintiff's interests in the property, and less any amount that Plaintiff received from payments on the loan or proceeds from the foreclosure sale.[2]  Par is always 1 in these calculations.

Based on this calculation, the total amount of damages before any addition of interest is $1,801,015.82.  Plaintiff attached a table demonstrating the mathematic calculations used to arrive at this amount as Exhibit G to the Motion for Default Judgment.  (Mot. Default Judgment, Ex. G (Doc. No. 13-9).)  It appears to be an accurate representation of Plaintiff's damages and clearly reflects the formula used to calculate the amount requested by Plaintiff.

### Interest Rates

Additionally, Plaintiff seeks $542,965.02 in pre-judgment interest at a 9% rate.  Plaintiff used the insomuch as the contract was governed by New York law and New York provides for mandatory prejudgment interest on contract claims at a rate of 9% per annum.  This amount is included in the $2,343,980.84 total amount sought by Plaintiff.  The Court finds this to be reasonable.

 Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961.  The Court approves Plaintiff's request at the current applicable rate pursuant to 28 U.S.C. § 1961.

---

[2] The actual language of the "Repurchase Price" definition in the Seller's Guide is as follows:
> An amount equal to (i) the greater of the Purchase Price or par multiplied by the outstanding principal balance of the Mortgage Loan as of the Purchase Date; less (ii) the aggregate amount received by Purchaser of reductions and curtailments of the principal balance of the Mortgage Note; plus (iii) any and all interest payable on the outstanding principal balance of the Mortgage Note as of the date of repurchase; plus (iv) any and all expenses, including, without limitation, costs of foreclosure and reasonable attorney's fees, incurred by Purchaser in the exercise by Purchaser of its rights and remedies in connection with the Mortgage Loan, the Mortgaged Property, and/or the Mortgagor, as more specifically identified in this Seller's Guide.

(Mot. Default Judgment, Ex. B. at 10 (Doc. No. 13-4).)

## Conclusion

In sum, the Court finds the entry of default judgment appropriate in this instance. Accordingly, the Court will enter an order reflecting that default judgment shall be entered in favor of Plaintiff Lehman Brothers Holdings, Inc. as against Defendant Valley Vista Mortgage, Inc. in the total amount of $2,343,980.84 plus post-judgment interest accruing at the current applicable rate pursuant to 28 U.S.C. § 1961 to begin accruing from the date of entry of judgment.

Therefore, it is ORDERED that judgment shall be entered against Valley Vista Mortgage, Inc. in favor of Lehman Brothers Holdings, Inc. in the amount of $2,343,980.84. It is further ORDERED that post-judgment interest shall accrue on the judgment pursuant to 28 U.S.C. § 1961 at the current applicable rate.

IT IS SO ORDERED.

DATED: July 8, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge